[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[1] Appellant's name appears interchangeably throughout the record as either Meredith Sherfield or Merideth Sherfield.
 JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Merideth Sherfield appeals from the judgment of the trial court, entered July 27, 2001, adjudicating him a sexual predator following a classification hearing. Sherfield's classification as a sexual predator stemmed from his pleas of guilty on May 5, 1988, to one count of rape of an adult female and one count of aggravated burglary of a different adult female, with the offenses having occurred on separate days. The remaining counts of the six-count indictment were dismissed.
In his single assignment of error, Sherfield contends that the trial court erred in finding that he was a sexual predator. The classification hearing was conducted by the same judge who had accepted Sherfield's guilty pleas, entered judgment, and imposed sentence. To obtain a sexual-predator adjudication, the state was required to prove by clear and convincing evidence that Sherfield had pleaded guilty or had been found guilty of a sexually-oriented offense, and that he was likely to commit another sexually-oriented offense.[2]
As contemplated by the statutory scheme and by the Ohio Supreme Court, when making a determination of the future behavior of a sexually-oriented offender in a classification hearing, a trial court must create a record for review, provide for expert opinion on the potential for recidivism, if required, and determine the offender's likelihood of recidivism after considering the statutory factors and "discuss[ing] on the record the particular evidence and factors upon which it relies."[3]
With Sherfield having pleaded guilty to rape, the issue is whether the record established that he was likely to commit another sexually-oriented offense in the future. Sherfield had a criminal record that included two convictions for possession of criminal tools and one for theft. He had previously been incarcerated. The trial court concluded subsequent to its questioning of Sherfield that, despite having completed Phase I Polaris classes, he still had no insight about his conduct or why it was inappropriate. Sherfield displayed no remorse for his conduct towards the victims, minimized its significance, and continued to excuse it. Sherfield had a pattern of impersonating a police officer during the commission of his crimes. He threatened his victims with force. There were multiple victims.
After reviewing the record, we are persuaded that the trial court had ample evidentiary material to support its firm belief or conviction that Sherfield "was likely to engage in one or more sexually oriented offenses sometime in the future."[4] Consequently, there was clear and convincing evidence to support the finding that Sherfield is a sexual predator.[5] Accordingly, the assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Winkler, JJ.
[2] See R.C. 2950.01(E) and 2950.09(B)(3).
[3] See State v. Eppinger (2001), 91 Ohio St.3d 158, 166,743 N.E.2d 881, 888-889; see, also, R.C. 2950.09(B)(2) and 2950.09(C)(1).
[4] See R.C. 2950.01(E); see, also, State v. Eppinger, supra, at 162, 743 N.E.2d at 885.
[5] See R.C. 2950.09(B); see, also, In re Adoption of Holcomb (1985),18 Ohio St.3d 361, 368, 481 N.E.2d 613, 620.